Per Curiam.
{¶ 1} This is an appeal in an action for a writ of prohibition to prevent respondent, Judge Robert D. Nichols, from “forcing” relator-appellant, Jacob Shumaker, to be a party to a trial in a case in which two separate actions have been consolidated. Shumaker was not named as a party in the first action to be filed, in which a married couple raised allegations of fraud and other claims against Residential Finance Corporation (“RFC”), which had brokered two refinancings of their residential mortgage. That action was consolidated with a foreclosure case that was filed later against the couple. Shumaker and RFC were named as third-party defendants in the foreclosure ease. The third-party allegations in the foreclosure case are similar to the claims brought in the first-filed case. After consolidation, the case was bifurcated on the basis of subject matter for trial purposes and is scheduled to go to trial only on the refinancing issues, which have been separated from the foreclosure matters. Judge Nichols denominated Shumaker as a codefendant in that trial. Shumaker filed an action in prohibition in the Twelfth District Court of Appeals to prevent being required to be a defendant in the scheduled trial. The Court of Appeals denied the writ, and Shumaker appealed to this court.
{¶ 2} Because Shumaker has an adequate remedy at law, and because Judge Nichols does not patently and unambiguously lack jurisdiction over the matter before him, we affirm the judgment of the court of appeals.

Facts

{¶ 3} This prohibition case arises from complicated and protracted underlying litigation. Specifically, homeowners Jack and Cheryl Dixon in March 2006 filed an action in the Madison County Court of Common Pleas against RFC as the sole defendant, claiming that RFC, in brokering two refinancings of their mortgage, *392 committed fraud and violated various statutory and other duties. Shumaker was not named as a party in the Dixons’ complaint. Shortly thereafter, Bank of New York initiated a separate action in the same court by filing a complaint in foreclosure against the Dixons based on the refinanced mortgages brokered by RFC. The Dixons timely answered the foreclosure complaint and filed a counterclaim against Bank of New York and a third-party complaint against RFC and Shumaker, alleging claims similar to those raised in their previous action against RFC. The Dixons’ third-party complaint also alleged that Shumaker was an employee of RFC who had made false and deceptive representations upon which the Dixons relied, causing them financial loss that led to the filing of the foreclosure action.
{¶ 4} Judge Nichols states that he issued an entry in the foreclosure action directing all parties to show cause why the case should not be consolidated with the Dixons’ earlier-filed action and also states that no party responded. Judge Nichols then consolidated the cases.
{¶ 5} After the breakdown of settlement negotiations, Bank of New York apparently moved to bifurcate the case based on the subject matter of the claims, requesting that the Dixons’ refinancing claims be tried first and that a trial on the foreclosure aspects of the case should be delayed. The court granted the bank’s motion.
{¶ 6} A few days before trial, Shumaker filed a motion seeking acknowledgement of his nonparty status for the upcoming trial. Shumaker argued that he had not been named as a party in the Dixons’ refinancing case, but only in their third-party complaint in the foreclosure case.
{¶ 7} Judge Nichols denied Shumaker’s motion, noting that the Dixons had claimed in the foreclosure case that Shumaker, as an agent of RFC, had engaged in the acts and omissions giving rise to the Dixons’ refinancing claims. He therefore “denominated” Shumaker a codefendant of RFC in the claims to be tried.
{¶ 8} Shumaker then filed an action for a writ of prohibition in the Twelfth District Court of Appeals. That court denied the petition, finding that Judge Nichols had proper subject-matter jurisdiction over the case and that any alleged error was “at best” an error in the exercise of that jurisdiction. The court also held that Shumaker had an adequate remedy by way of appeal. Shumaker appealed the denial of the petition to this court as of right, and this cause is now before the court for our consideration of the merits.[1]

*393
Analysis

{¶ 9} To be entitled to the requested writ of prohibition, Shumaker must establish that (1) Judge Nichols is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Bell v. Pfeiffer, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; State ex rel. Miller v. Warren Cty. Bd. of Elections, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. “Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial.” State ex rel. Sapp v. Franklin Cty. Court of Appeals, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.
{¶ 10} However, “[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal.” State ex rel. Plant v. Cosgrove, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; State ex rel. Pruitt v. Donnelly, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. “Prohibition will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law.” State ex rel. Hemsley v. Unruh, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9.
{¶ 11} Judge Nichols undoubtedly exercised judicial power by ruling on and denying Shumaker’s motion for acknowledgment of his nonparty status. The question is whether he had jurisdiction to compel Shumaker to participate as a defendant in the scheduled trial.
{¶ 12} Shumaker argues that because he was named only in the Dixons’ third-party complaint in the foreclosure action, he cannot be forced to defend himself in the trial of the refinancing claims brought by the Dixons against RFC. Moreover, he argues that he need not prove a lack of an adequate remedy at law because Judge Nichols “patently and unambiguously” lacked jurisdiction to denominate him a defendant.
{¶ 13} However, a court of common pleas has general jurisdiction over civil cases, including the civil claims here, and Judge Nichols does not lack general subject-matter jurisdiction over this case. Ohio Constitution, Article IV, Section 4(B).
{¶ 14} The cases cited by Shumaker do not indicate otherwise. Shumaker acknowledges the general rule that if a trial court has general subject-matter jurisdiction, prohibition will not lie to prevent an anticipated erroneous judgment. State ex rel. Tubbs Jones v. Suster, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998). However, he relies on this court’s recognition of “a limited exception in cases *394 where there appears to be a total lack of jurisdiction of the lower court to act.” Id., citing State ex rel. Adams v. Gusweiler, 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972). But in Gusweiler, the trial court appointed a second arbitrator for a second arbitration of a contractual dispute when no statute authorized an action of that type, id. at 328-329; Shumaker does not assert that Judge Nichols has acted in the absence of specific statutory authority here. Similarly, in State ex rel. Mason v. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644—also cited by Shumaker — the trial judge scheduled a sentencing hearing to be held before a jury when there was no statutory or constitutional basis for such a hearing. See id. at ¶ 15 (“Neither the Ohio Constitution nor any statute authorizes Judge Griffin to conduct a jury sentencing hearing”).
{¶ 15} Shumaker points to no specific statute or constitutional provision that Judge Nichols patently ignored or manifestly violated in his ruling, and Judge Nichols’s ruling is not comparable to the unauthorized exercises of power at issue in Gusweiler and Griffin. Rather, Shumaker argues that because he was named only in the foreclosure case, he should be a defendant only in the trial of the foreclosure issues. However, while he was not named as a party to the Dixons’ initial action, he was named as a party in the third-party complaint in the foreclosure case, which asserted claims similar to those asserted in the initial case and which was later consolidated with the initial case.
{¶ 16} Moreover, trial courts exercise considerable discretion in naming, adding, and dropping parties in a civil case. For example, although neither Judge Nichols nor the Twelfth District cited it, Civ.R. 20 has very permissive provisions for joining parties:
All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.
{¶ 17} In addition, Civ.R. 21 states that “[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.” The same rule also provides that “[m]isjoinder of parties is not ground for dismissal of an action.”
{¶ 18} Thus, the Civil Rules indicate that Judge Nichols has the power and discretion to join a party to an action of his own initiative if he believes it is just. Because the claims in the Dixons’ original lawsuit and in the third-party complaint in the foreclosure action assert rights to relief implicating both RFC and Shumaker arising out of the same mortgage transactions, Judge Nichols had the power and discretion to join Shumaker as a defendant in the trial of the Dixons’ *395 claims regarding those transactions. While Shumaker may argue on appeal that Judge Nichols abused that discretion, Judge Nichols did not lack the authority to make Shumaker a defendant in the trial of the Dixons’ claims.
{¶ 19} Moreover, even if Judge Nichols did lack the authority to make Shumaker a party, he is not “patently and unambiguously” without jurisdiction. Therefore, to obtain a writ of prohibition, Shumaker would have to show that he lacks an adequate remedy at law. Shumaker’s arguments that he has no adequate remedy are equally without merit.
{¶ 20} He argues first that he would be put to great expense and inconvenience if he is forced to go through a trial and is then vindicated on appeal. However, expense and inconvenience do not prevent an appeal from being an adequate remedy for purposes of seeking an extraordinary writ. State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp., 61 Ohio St.3d 429, 432, 575 N.E.2d 181 (1991), citing State ex rel. Willis v. Sheboy, 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983), paragraph one of the syllabus.
{¶ 21} Second, Shumaker argues that because he is not a party in the Dixons’ case, he would have no right to appeal. But Judge Nichols has consolidated the cases and has made him a party in the Dixons’ case. Shumaker will therefore have the ability to eventually appeal the propriety of the trial court’s order.
{¶ 22} Nor do the dissent’s assertions that Judge Nichols lacks personal jurisdiction over Shumaker have merit. The cited case, State ex rel. Doe v. Capper, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, is inapposite; it involved an underlying parentage action in which the child had not been named as a party, despite a statutory requisite that the child be made a party. Here, unlike the child in Doe, Shumaker was named and served in one of the actions consolidated for trial.
{¶ 23} Judge Nichols bifurcated the case for trial based on the subject matter of the various claims made in the consolidated cases, not based on the original alignment of the parties in the two lawsuits. The Dixons did name and serve Shumaker in the suit filed against them by Bank of New York by filing a third-party complaint against Residential Finance and Shumaker that was served on Shumaker. It is the refinancing-related claims raised in that third-party complaint that give Judge Nichols personal jurisdiction over Shumaker for the upcoming trial, and it is those claims to which Shumaker is required to respond at trial.

Conclusion

{¶ 24} Shumaker cannot establish the elements for a writ of prohibition. The Twelfth District Court of Appeals did not err in denying Shumaker’s petition, and we therefore affirm.
Judgment affirmed.
*396 O’Connor, C.J., and Pfeifer, Lanzinger, Kennedy, French, and O’Neill, JJ., concur.
O’Donnell, J., dissents.

. On April 24, 2013, this court denied Shumaker’s motion for oral argument. 135 Ohio St.3d 1410, 2013-Ohio-1622, 986 N.E.2d 28.