[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huntington Natl. Bank v. Kontos,* Slip Opinion No. 2015-Ohio-5190.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5190

THE STATE EX REL. HUNTINGTON NATIONAL BANK, APPELLANT, *v.* KONTOS, JUDGE, APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huntington Natl. Bank v. Kontos,* Slip Opinion No. 2015-Ohio-5190.]

Prohibition—Procedendo—Appeal is adequate remedy in the ordinary course of the law—Judge's jurisdiction to order evidentiary hearing was not patently and unambiguously lacking—Court of appeals' dismissal of complaint for writs of prohibition and procedendo affirmed.

(No. 2014-0656—Submitted July 7, 2015—Decided December 15, 2015.)

APPEAL from the Court of Appeals for Trumbull County, No. 2013-T-0089, 2014-Ohio-1374.

_____

**Per Curiam.**

{¶ 1} We affirm the Eleventh District Court of Appeals' dismissal of a complaint for writs of prohibition and procedendo by relator-appellant, Huntington

National Bank, against respondent-appellee, Trumbull County Common Pleas Court Judge Peter J. Kontos. Huntington argues that a remand order from the court of appeals precludes Judge Kontos from assigning the underlying breach-of-contract case to a magistrate for an evidentiary hearing and from using evidence adduced at that hearing to determine damages.

{¶ 2} Because Huntington has an adequate remedy at law by way of appeal and because Judge Kontos's jurisdiction to order the evidentiary hearing and to determine damages based on new evidence is not patently and unambiguously lacking, the court of appeals was correct to dismiss the case, and we affirm.

*Facts*

{¶ 3} In 2006, W. Thomas James and others filed a complaint for breach of contract against Sky Bank—predecessor in interest to the current relator-appellant, Huntington—as well as claims against other parties. James's claim against the bank arose out of a construction loan for a funeral home that James was having built. James alleged that the bank had breached the terms governing the disbursement of funds to the general contractor, causing the contractor to quit before the building was completed. On October 1, 2010, Judge Kontos issued a judgment against the bank for breach of contract and awarded damages.

{¶ 4} The bank filed a timely appeal, and the court of appeals reversed the judgment of the trial court on the issue of the proper standard for calculating damages and remanded for a recalculation. *James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883. Specifically, the court of appeals held that James, in his breach-of-contract action, was required to present evidence sufficient to prove that the breach proximately resulted in damages that can be determined to a reasonable certainty. *Id*. at ¶ 31-33, 47-55. The court further held that "additional expenditures after the contractor stopped work are not the proper measure of damages caused by the bank's improper disbursement of funds." *Id*. at ¶ 52. Rather, the court of appeals stated, "[T]he proper measure of damages under the

circumstances of this case would be the difference between the funds the bank improperly released to the contractor ($635,000) for the work the contractor claimed it had performed, and the actual value of that work (in materials and labor)."[1]  *Id*. at ¶ 53.

{¶ 5} In its order remanding the case, the court of appeals instructed Judge Kontos to apply the standard it had articulated for calculating damages to the record and to determine if the evidence justified any damages.  Specifically, the court stated: "It is unclear whether the difference between the funds released to [the contractor] and the actual value of the work completed by [the contractor] could be ascertained from the evidence presented."  *Id*. at ¶ 54.  "On remand, the trial court is to recalculate damages applying the proper measurement set forth in this opinion based on the evidence contained on [sic] the record."  *Id*. at ¶ 61.

{¶ 6} On remand, after briefing and a hearing, Judge Kontos issued a judgment entry stating, "Having now reviewed the record of the trial proceedings, the Court finds that it is unable to arrive at a proper measure of damages as enunciated by the Court of Appeals without additional testimony."  Judge Kontos ordered that a new evidentiary hearing on damages would be held before his magistrate.

{¶ 7} Huntington filed this action in procedendo and prohibition in the court of appeals at the same time that it filed a notice of appeal of the trial court's order that a new evidentiary hearing be held.  The court of appeals dismissed Huntington's appeal because the trial court's judgment entry ordering a new hearing was not a final appealable order.  *James v. Sky Bank*, 11th Dist. Trumbull No. 2013-T-0087, 2014-Ohio-1159.

---

[1] The court of appeals' holding on the merits is not at issue here, and the court need take no position on it.

**{¶ 8}** In response to the procedendo and prohibition petition, Judge Kontos filed a motion to dismiss under Civ.R. 12(B), which the court of appeals granted, finding that Huntington has an adequate remedy by way of appeal and that the trial court did not exceed its jurisdiction by ordering an evidentiary hearing.

**{¶ 9}** Huntington filed a timely appeal to this court.

*Analysis*

**Motion for oral argument**

**{¶ 10}** Huntington has moved for oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). In exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein.

**{¶ 11}** None of these factors is mentioned in the request for oral argument, and the case involves a straightforward application of the standards for writs of prohibition and procedendo. The motion for oral argument is denied.

**Original action**

**{¶ 12}** Huntington argues that because Judge Kontos has determined that no evidence exists in the current record sufficient to award damages to James, under the court of appeals' remand order, Judge Kontos has no choice but to issue judgment for Huntington and must be prohibited from conducting an evidentiary hearing on damages. Huntington therefore requested that the court of appeals issue a writ of procedendo ordering Judge Kontos to issue judgment in its favor and a writ of prohibition preventing him from conducting the hearing. Because the court of appeals correctly granted Judge Kontos's motion to dismiss, we affirm.

**Procedendo**

**{¶ 13}** To be entitled to a writ of procedendo, Huntington must show a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed in proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶ 14}** Huntington is not entitled to a writ of procedendo. "An appeal is an adequate remedy in the ordinary course of law that precludes an action for * * * procedendo." *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997), and *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1. Huntington has a remedy in the ordinary course of the law in that it may appeal the trial court's ruling on its objection to the additional hearing and evidence once the trial court has completed the hearing, redetermined damages, and issued a final order.

**{¶ 15}** Therefore, the court of appeals was correct in dismissing Huntington's claim for a writ of procedendo, and we affirm.

**Prohibition**

**{¶ 16}** To be entitled to a writ of prohibition, Huntington must establish that (1) in ordering the magistrate to conduct an evidentiary hearing, the trial court is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18, 23. The last

two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 17} The court of appeals was correct in finding that Huntington is not entitled to a writ of prohibition. " '[P]rohibition will [not] issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law.' " *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 2, quoting *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. An appeal is considered an adequate remedy that will preclude a writ of prohibition. "Unless a relator establishes a patent and unambiguous lack of jurisdiction, extraordinary relief in prohibition * * * will not issue, because the relator has an adequate remedy by appeal." *Id.*, citing *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10.

{¶ 18} Huntington has a remedy in the ordinary course of the law in that it may appeal the trial court's denial of its objection to the additional hearing and the taking of additional evidence once the trial court has completed the hearing, redetermined damages, and issued a final order. Huntington may argue at that time that the trial court exceeded the authority the court of appeals granted to it on remand. However, a writ of prohibition may issue even when there is an adequate remedy at law if the lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration* at ¶ 11.

{¶ 19} A court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by way of appeal. *State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, ¶ 10, citing *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

**{¶ 20}** Nevertheless, even if the trial court has general jurisdiction over the matter before it, its decision to exercise jurisdiction in a particular instance can be contested in a prohibition action when the lack of jurisdiction in that instance is patent and unambiguous. *See State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998). Huntington argues that the trial court patently and unambiguously lacks jurisdiction over this action because in its order remanding the case, the court of appeals did not authorize the trial court to conduct a new evidentiary hearing on damages, but ordered only that damages be recalculated using the evidence already in the record at the time of the appeal.

**{¶ 21}** For at least two reasons, Huntington's argument lacks merit. First, Huntington interprets the court of appeals' remand opinion excessively narrowly. The court of appeals both analyzed the question of the proper measure of damages, *James*, 2012-Ohio-3883, at ¶ 52-55, and examined the evidence supporting an award of damages, *id*. at ¶ 34-51. The court concluded that while James was eligible to receive damages for the bank's breach of the contract, the lower court had used an incorrect standard for determining damages and that the record evidence was insufficient to establish the amount of damages. The court remanded the case "for further proceedings consistent with this opinion." *Id*. at ¶ 61.

**{¶ 22}** Huntington focuses on one statement in the opinion: "On remand, the trial court is to recalculate damages applying the proper measurement set forth in this opinion based on the evidence contained on [sic] the record." *Id*. at ¶ 61. Huntington interprets this statement to mean that the trial court has jurisdiction to consider only evidence already in the record and that no further evidence may be taken before the trial court attempts to calculate damages. If the trial court attempts to take additional evidence, Huntington asserts, it will be exceeding its jurisdiction under the court of appeals' remand order and violating the law-of-the-case doctrine.

**{¶ 23}** However, in several places, the court of appeals found that the evidence in the record before it was insufficient to prove damages, even under the

standard it articulated. *Id*. at ¶ 30, 47-51, 54. The court stated, "It is unclear whether the difference between the funds released to [the contractor] and the actual value of the work completed by [the contractor] could be ascertained from the evidence presented," *id*. at ¶ 54, and added, "while the record reflects competent and credible evidence to allow the trier of fact to proceed to a consideration of damages, the record lacks competent, credible evidence proving the damages awarded by the trial court to a reasonable degree of certainty under *any* measure of damages," (emphasis sic), *id*. at ¶ 55, and reiterated, "the magistrate's award of damages in this case is not supported by competent, credible evidence under any measure of damages," *id*. at ¶ 60. Thus, the opinion is rife with recognition that the evidentiary record as it stood at the time of the remand was insufficient to determine the correct amount of damages under the standard that the court of appeals articulated.

{¶ 24} If the court of appeals did not intend for the trial court to correct this deficiency in the evidentiary record, it would not have needed to remand at all; it could have recited the correct measure of damages, declared the evidence insufficient to sustain that measure, and dismissed the case. Instead, it remanded to the trial court for further proceedings. Given the opinion as a whole, the court of appeals apparently intended the trial court to do whatever was necessary, including holding an evidentiary hearing, to calculate damages on remand.

{¶ 25} The trial court did not patently and unambiguously lack jurisdiction to order its magistrate to conduct an evidentiary hearing on damages given that the court of appeals' mandate was, at best, ambiguous on the issue. We therefore affirm the court of appeals' dismissal of the claim in prohibition.

*Conclusion*

{¶ 26} Because Huntington has an adequate remedy at law by way of appeal and because Judge Kontos's jurisdiction to order the evidentiary hearing and to determine damages based on new evidence is not patently and unambiguously

lacking, we affirm the court of appeals' dismissal of Huntington's complaint for writs of prohibition and procedendo.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY and FRENCH, JJ., dissent without opinion.

_____

Weston Hurd, L.L.P., and Shawn Maestle, for appellant.

Dennis Watkins, Trumbull County Prosecuting Attorney, and William J. Danso, Assistant Prosecuting Attorney, for appellee.

_____