[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rittman v. Spitler*, Slip Opinion No. 2024-Ohio-5668.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5668

THE STATE OF OHIO EX REL. THE CITY OF RITTMAN, *v.* SPITLER, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rittman v. Spitler*, Slip Opinion No. 2024-Ohio-5668.]

*Prohibition—Judge in underlying case has jurisdiction and authority under R.C. 2723.01 to determine the case—Writ denied.*

(No. 2023-1388—Submitted July 9, 2024—Decided December 5, 2024.)

IN PROHIBITION.

_____

BRUNNER, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., joined.

BRUNNER, J.

## I. INTRODUCTION

{¶ 1} This is an original action in prohibition brought by relator, the City of Rittman, against respondent, Wayne County Common Pleas Court Judge Corey E.

Spitler. Rittman asks this court to issue a writ to (1) bar Judge Spitler from exercising jurisdiction over a putative class-action lawsuit pending before him—a lawsuit in which Rittman is named as the defendant, (2) vacate or stay orders that Judge Spitler has issued in the case, and (3) stay all discovery and other proceedings in the case. Rittman claims entitlement to the writ on the ground that the underlying suit is an impermissible attempt to bypass the statutory process for obtaining a refund of municipal income taxes. The named plaintiffs in the underlying suit, who are intervening respondents in this case, Tara Boler and Trista Bise, have filed a motion for judgment on the pleadings and a brief on the merits. Rittman and Judge Spitler have filed briefs on the merits. We conclude that Judge Spitler has jurisdiction and statutory authority to determine the underlying case and therefore decline to issue a writ of prohibition.

## II. FACTS AND PROCEDURAL HISTORY

### A. The 0.5 Percent Income-Tax Increase

{¶ 2} In 1977, Rittman received approval from the voters to increase its income-tax rate from 1.0 percent to 1.5 percent for a period of 30 years, beginning January 1, 1978, and continuing through December 31, 2007.

{¶ 3} In July 2022, Matthew Bubp, Rittman's finance director, researched Rittman's legislative history of prior tax levies in preparing for a proposal to increase the city's rate from 1.5 percent to 2.0 percent. He discovered that Rittman had been imposing the 1.5 percent rate even though, as approved, the 0.5 percent increase embedded in that 1.5 percent rate expired after December 31, 2007. There is no dispute that as of January 1, 2008, Rittman had no authority to continue to impose the 0.5 percent increase.

{¶ 4} After Bubp discovered the error, Rittman determined that (1) for tax year 2022, the income-tax rate would be 1.0 percent and (2) it would refund any tax money that had been collected as a result of the 0.5 percent increase for tax year 2022. Rittman did not, however, authorize refunds associated with the 0.5 percent

2

increase for tax years 2008 to 2021, concluding that any claims for refunds would be barred by the statute of limitations and that the money had already been spent.

### B. The Underlying Action

{¶ 5} In July 2023, Boler and Bise sued Rittman in Wayne County Common Pleas Court. Boler and Bise brought a four-count complaint on their own behalf and on behalf of a class consisting of "[a]ll taxpayers who were overcharged by the City of Rittman, at a purported tax rate of 1.5%, between the years 2008-2022." Count one asserted a claim for a declaratory judgment that Rittman had violated its ordinance, count two asserted a claim that Rittman had violated R.C. 718.12 by failing to provide refunds, count three asserted an unjust-enrichment claim, and count four asserted a claim for money had and received.

{¶ 6} In October 2023, Judge Spitler issued two orders. The first denied Rittman's motion to dismiss and motion to stay discovery and declared its motion for summary judgment premature. The second established a case-management schedule.

### C. This Case

{¶ 7} Rittman brought this original action about one week after Judge Spitler issued his two orders in the underlying case. Rittman seeks a writ of prohibition to (1) stop Judge Spitler from continuing to exercise jurisdiction over the underlying case, (2) vacate Judge Spitler's two orders in the case, and (3) stay all discovery and other proceedings in the case.

{¶ 8} During this case's pendency, we denied as moot Rittman's emergency motion for an expedited alternative writ, granted Boler and Bise's motion to intervene, deemed Boler and Bise's proposed answer and proposed motion for judgment on the pleadings filed as of the day they were granted intervention, and sua sponte granted an alternative writ setting forth a schedule for the presentation of evidence and briefs. 2024-Ohio-202.

**{¶ 9}** The case is now ripe for a determination on the merits and on Boler and Bise's motion for judgment on the pleadings. Because Judge Spitler represents that his brief "relies extensively on a draft" of Boler and Bise's brief and that he accepts and approves of the Boler and Bise brief, we focus on the arguments advanced by Rittman and Boler and Bise.

### III. ANALYSIS

### A. Prohibition

**{¶ 10}** To be entitled to a writ of prohibition, Rittman must show that (1) Judge Spitler is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) Rittman lacks an adequate remedy in the ordinary course of the law. *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 6; *State ex rel. Shumaker v. Nichols*, 2013-Ohio-4732, ¶ 9. Rittman need not satisfy the third element if Judge Spitler's lack of jurisdiction is patent and unambiguous. *Id.*

### 1. Exercise of judicial power

**{¶ 11}** There is no dispute that Judge Spitler has exercised judicial power in the underlying case. We therefore conclude that this element is met.

### 2. Jurisdiction and authority

**{¶ 12}** There were two possible statutory paths[1] at issue for the plaintiffs in the underlying action. The first is in R.C. Ch. 2723. R.C. 2723.01 states:

> Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no

---

1. There is no indication in any of the materials filed by the parties that the named taxpayers or proposed-class members elected to be subject to R.C. 718.80 through 718.95. Thus, I do not address those statutes.

recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.

R.C. Ch. 2723 also provides that actions to stop the illegal levying of taxes and assessments must be brought against "the corporation or person for whose use and benefit the levy is made" and that if the levy would "go upon the county duplicate," the county auditor also must be named. R.C. 2723.02. Actions to stop such collection of taxes and assessments must be brought "against the officer whose duty it is to collect them," and "[a]ctions to recover taxes and assessments must be brought against the officer who made the collection . . . ." If the plaintiff proves that "at the time of paying such taxes or assessments," he "filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof," along with notice of his intention to sue under R.C. 2723.01 through 2723.05, "such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid." R.C. 2723.03.

{¶ 13} The second statutory path to recover improperly collected taxes is in R.C. Chs. 718 and 5717, which govern municipal income taxes and tax appeals, respectively. R.C. 718.19 provides:

(A) Upon receipt of a request for a refund, the tax administrator of a municipal corporation, in accordance with this section, shall refund to employers, agents of employers, other payers, or taxpayers, with respect to any income or withholding tax levied by the municipal corporation:

(1) Overpayments of more than ten dollars;

(2) Amounts paid erroneously if the refund requested exceeds ten dollars.

(B)(1) Except as otherwise provided in this chapter, requests for refund shall be filed with the tax administrator, on the form prescribed by the tax administrator within three years after the tax was due or paid, whichever is later.

When a tax administrator denies a refund request in full or in part, the administrator must issue an assessment to the taxpayer. R.C. 718.19(B)(2). "The assessment shall state the amount of the refund that was denied, the reasons for the denial, and instructions for appealing the assessment." *Id.* Refusals to refund under this provision may be appealed to the local board of tax review. R.C. 718.11(B) and (C). Further appeals are then possible to the board of tax appeals or a court of common pleas. R.C. 5717.011(B).

{¶ 14} The complaint before Judge Spitler alleges that Rittman had legal authorization to tax at a rate of only 1.0 percent for the years 2008 through 2022 because a voter-authorized tax rate of 1.5 percent expired in 2007. Yet Rittman had taxed its residents at 1.5 percent beginning in 1978 and continued taxing at that rate until 2022. Boler and Bise sought a declaration that Rittman violated its own ordinance in collecting the tax and refusing to refund the tax payments that had been illegally collected, and they sought a refund, asserting claims of unjust enrichment and "money had and received." They also alleged an improper refusal of taxpayer requests for a refund under R.C. 718.12.

{¶ 15} It is true that count two of the complaint explicitly invokes R.C. Ch. 718 by citing R.C. 718.12. And were the complaint fundamentally a claim for a refund under R.C. Ch. 718, Boler, Bise, and the proposed class of taxpayers would have had to first seek refunds through the administrative process, which they did not do. *See* R.C. 718.19(B)(2); R.C. 718.11(B) and (C); R.C. 5717.011(B). But R.C. 718.12 does not apply to their case. One strong indicator is that R.C. 718.12 establishes time limitations for common-pleas-court civil actions that seek to

6

"recover municipal income taxes and penalties and interest on municipal income taxes," R.C. 718.12(A), but it separately provides that "[a] claim for a refund of municipal income taxes shall be brought within the time limitation provided in [R.C. 718.19]," R.C. 718.12(C). In other words, R.C. 718.12, addresses recovery by a municipal taxing authority of "income taxes and penalties and interest on municipal income taxes"; it is not the statutory means by which to obtain refunds sought by taxpayers, which are instead covered by R.C. 718.19.

{¶ 16} The overall claim in the complaint is not that Boler and Bise and the proposed class of taxpayers made "[o]verpayments of more than ten dollars" or paid amounts "erroneously" under R.C. 718.19(A)(1) and (2). "Overpayment" is defined as "payment in excess of what is due; also: the amount of such excess." *Webster's Third New International Dictionary* (2002). Similarly, "erroneously" is defined as "deviating from what is true, correct, right, or wise; . . . being or containing an error . . . ; characterized by error." *Id.* While Boler and Bise did pay more municipal income taxes than they legally owed, there is no dispute that they simply paid exactly what Rittman billed them—1.5 percent. Thus, they neither overpaid nor erred in paying what they were billed. But in paying the amount billed, they paid an unauthorized and illegal tax bill. Thus, at its core, their action is not seeking a refund of an overpayment or erroneous payment; it seeks to have the 1.5 percent tax that was imposed after 2007 declared illegal and to recover funds that were collected through that illegal tax—which is precisely the type of action contemplated in R.C. 2723.01 when it provides, "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected . . . ."

{¶ 17} In their complaint, the plaintiffs scrupulously avoided citing or invoking R.C. Ch. 2723, thereby avoiding R.C. 2723.01's one-year statute of limitations for filing actions under that law. The plaintiffs also may have paid the illegally inflated tax bill without filing the required protest under R.C. 2723.03.

Thus, although the character of their claims fits squarely within the ambit of R.C. 2723.01, the other limitations in R.C. Ch. 2723 may pose challenges for the plaintiffs. While strategy may have been the reason the plaintiffs did not invoke R.C. Ch. 2723, their claims are substantively governed by that chapter, and this court is not bound by Boler and Bise's labels or characterizations of their claims. *See Lingo v. State*, 2014-Ohio-1052, ¶ 38 ("Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action."); *State ex rel. Bur. of Workers' Comp. v. O'Donnell*, 2023-Ohio-428, ¶ 14 (concluding that the party's choice of label was "just an artful way of saying that it wants a refund"). Despite the fact that Boler and Bise sought to avoid citing R.C. Ch. 2723 in their complaint, in the end, they want the trial court to declare that an illegal tax was imposed without voter approval and they want to recover the amounts paid, and this is exactly the type of case that common pleas courts are authorized by R.C. Ch. 2723 to entertain. *See Ryan v. Tracy*, 6 Ohio St.3d 363, 365-366 (1983).

{¶ 18} Accordingly, Judge Spitler, a common-pleas-court judge, has jurisdiction and authority over the underlying action because under R.C. 2723.01, courts of common pleas "may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected." Though the plaintiffs might encounter obstacles to recovery in other portions of R.C. Ch. 2723, Judge Spitler has jurisdiction and authority over their case, and a writ of prohibition should not be issued. *See Paschke*, 2022-Ohio-2427, at ¶ 6; *Shumaker*, 2013-Ohio-4732, at ¶ 9.

## B. Unclean-Hands-Doctrine Argument in Boler and Bise's
## Motion for Judgment on the Pleadings

{¶ 19} With the exception of the unclean-hands-doctrine argument, Boler and Bise's motion for judgment on the pleadings advances the same arguments contained in their merit brief, namely, that Judge Spitler has jurisdiction to address

the four counts of their complaint and that Rittman's jurisdictional argument is better understood as a failure-to-exhaust-administrative-remedies argument. For the reasons explained in the merits analysis above, we agree that Judge Spitler has jurisdiction and authority to address the complaint. We therefore find it unnecessary to address the claim advanced in Boler and Bise's motion for judgment on the pleadings that Rittman has unclean hands.

## IV. CONCLUSION

{¶ 20} Boler and Bise neither overpaid nor erred in how much they paid; rather, they fully paid an unauthorized and illegal tax bill. Properly characterized, their complaint seeks to have the 1.5 percent tax collected after 2007 declared illegal and to recover the funds that were collected through that illegal tax—which is precisely the type of action contemplated in R.C. 2723.01. R.C. 2723.01 endows common pleas courts of this state with authority to "enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected." Thus, Judge Spitler, a common-pleas-court judge, has jurisdiction and authority to determine Boler and Bise's case, and we therefore decline to issue a writ of prohibition.

Writ denied.

_____

Roetzel & Andress, L.P.A., Stephen W. Funk, William R. Hanna, and Lisa A. Mack, for relator.

Angela Wypasek, Wayne County Prosecuting Attorney, and Thomas M. McCarty, Assistant Prosecuting Attorney, for respondent.

Vorys, Sater, Seymour, and Pease, L.L.P., Christopher L. Ingram, Danielle S. Rice, and Grace E. Saalman, for intervening respondents.

_____