[Cite as *State ex rel. Holloman v. Schuck*, 2026-Ohio-805.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. MARTIN L. HOLLOMAN | Case No. 26 CAD 010004 |
| Petitioner | Opinion And Judgment Entry |
| -vs- | Writ of Prohibition |
| JUDGE JAMES P. SCHUCK | Judgment: Dismissed |
| Respondent | Date of Judgment Entry: March 10, 2026 |

**BEFORE:** CRAIG R. BALDWIN, P.J.; KEVIN W. POPHAM, J.; DAVID M. GORMLEY, J. Appellate Judges

**APPEARANCES:** MARTIN L. HOLLOMAN, for Petitioner; MARK R. WEAVER, ANDREW FRASER, for Respondent

OPINION

*Popham, J.,*

{¶1} On January 15, 2026, Petitioner, Martin L. Holloman, filed a complaint titled: "Corrective Writ of Prohibition Against Respondent's Court of Common Pleas." Respondent, Judge James P. Schuck of the Delaware County Court of Common Pleas, filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. Petitioner has not responded to the motion to dismiss.

{¶2} On June 17, 2025, Petitioner entered a no contest plea to one count of Failure to Comply, a felony of the third degree, and a guilty plea to one count of Theft, a felony of the fifth degree. Petitioner entered these pleas as part of a plea agreement

wherein the State agreed to dismiss three other theft counts. On June 24, 2025, Petitioner filed a motion to withdraw his pleas. Respondent set the matter for a hearing.

{¶3} Respondent ultimately granted Petitioner's motion to withdraw his pleas while noting Respondent's written motion failed to set forth any basis for the request. In granting the motion, Respondent indicated that he reviewed the recording of the plea hearing and was not satisfied that the hearing fully complied with the requirements of Crim.R. 11. (Judgment Entry Granting Defendant's Motion to Withdraw Plea, p. 4). Respondent reasoned, "The Court is mindful that Holloman did not raise this argument, either in his motion to withdraw the plea or during his plea-withdrawal hearing. Nonetheless, the Court became aware of the defect in the plea hearing while subsequently reviewing a recording of that hearing. Based on these circumstances and the applicable factors from *Gilmore* and *Nelson,* the interests of justice warrant that the plea be set aside. Accordingly, Holloman's motion to withdrawal (sic) is granted." (Judgment Entry Granting Defendant's Motion to Withdraw Plea, p. 5).

{¶4} After granting the motion to withdraw, the case proceeded to a jury trial where Appellant was found guilty of one count of Failure to Comply and four counts of Theft.

{¶5} Petitioner essentially raises two arguments: (1) Respondent lacked jurisdiction to grant Petitioner's motion to withdraw on grounds not presented in the motion and (2) Respondent lacked jurisdiction to conduct a trial after setting aside Petitioner's pleas.

{¶6} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 1995-Ohio-

202, citing *State ex rel. Hanson v. Guernsey Cty. Bd.. of Commrs.*, 1992-Ohio-73. For a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10, citing *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5.

{¶7} "To be entitled to a writ of prohibition, [Holloman] must establish that (1) Judge [Schuck] is about to exercise or has exercised judicial power, (2) Judge [Schuck]'s exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *See State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, ¶ 9." *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, ¶ 6.

{¶8} With respect to the first requirement, Petitioner has established Respondent exercised judicial power by granting the motion to withdraw Petitioner's pleas and in conducting a trial. However, we find that Petitioner has not and cannot establish the second and third requirements, which must be proven to support the issuance of a writ of prohibition.

{¶9} Petitioner cannot show Respondent exercised power that is unauthorized by law. Criminal Rule 32.1 authorizes a trial court to allow a defendant to withdraw the defendant's plea both before and after sentence. In this case, the motion was granted prior to sentencing.

{¶10} Not only does Criminal Rule 32.1 authorize the trial court to vacate a plea, a trial court has inherent authority to do so. Petitioner argues the trial court could not grant the motion to withdraw based upon reasons not advanced by Petitioner. Here, the

trial court found it failed to advise Petitioner in compliance with Crim.R. 11. The Ninth District Court of Appeals noted, "[i]t is generally held that a trial court which has accepted a guilty plea has the inherent power to set aside the plea on its own initiative prior to sentencing where the court has reason to believe that the plea was not knowingly or voluntarily made." *State v. Lovelace*, 1997 Ohio App. LEXIS 4291, at *3 (9th Dist. Sep. 24, 1997).

{¶11} Further, Respondent's exercise of judicial power in conducting a trial was also authorized by law. The trial court did have jurisdiction over Petitioner's felony criminal case and, therefore, had jurisdiction to set and conduct a trial. A common pleas court has subject-matter jurisdiction over felony cases pursuant to R.C. 2931.03, which provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03.

{¶12} "[I]f a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper." *State ex rel. Leatherworks P'Ship v. Stuard*, 2002-Ohio-6477, ¶ 17 (11th Dist.). This conclusion is based on the fact "even if the trial court [exceeds] its power in performing a specific act, the relator has an adequate legal remedy because the decision to exercise jurisdiction can be fully reviewed in a direct appeal." *Id.*

{¶13} As the Supreme Court of Ohio explained, "The general understanding in Ohio is that a writ of prohibition may issue to prohibit future judicial action but not to remediate prior unauthorized actions by a court. *State ex rel. Stefanick v. Marietta Mun.*

*Court*, 21 Ohio St.2d 102, 104, 255 N.E.2d 634 (1970) (holding that prohibition cannot be used "to review the regularity of an act already performed").  Nevertheless, this court has recognized an exception to the general principle that prohibition is prospective rather than remedial, stating that when an "'inferior court patently and unambiguously lacks jurisdiction over the cause, a writ of prohibition will be issued to prevent the unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*.'" (Emphasis added.) *State ex rel. Gains v. Maloney*, 102 Ohio St.3d 254, 2004-Ohio-2658, 809 N.E.2d 24, ¶ 10, quoting *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 14."  *State ex rel. C.V. v. Adoption Link, Inc.*, 2019-Ohio-2118, ¶ 37.

{¶14}  Petitioner chose to pursue the request for writ of prohibition after the trial was complete rather than prior to the trial being held.  Respondent did not patently and unambiguously lack jurisdiction over the case; therefore, prohibition could only be sought to prevent future action and cannot be used to remedy prior judicial action.

{¶15}  Because Respondent had jurisdiction to set aside the plea, grant the motion to withdraw, and conduct a trial, we find Petitioner has failed to establish a writ of prohibition should issue.  Further, we find prohibition is not proper to remedy past judicial action based upon the facts presented in the complaint.  For these reasons, we grant the motion to dismiss the complaint for failure to state a claim upon which relief may be granted.

For the reasons stated in our Opinion, the Complaint for Writ of Prohibition is dismissed.

Costs to Appellant.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur