[Cite as *DeFranco v. Judy*, 2014-Ohio-8.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| SYLVIA DEFRANCO, et al., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2012-G-3114 and 2013-G-3135** |
| MICHAEL T. JUDY, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12P000569.

Judgment: Affirmed.

*Sylvia DeFranco*, pro se, 23700 Shaker Boulevard, Shaker Heights, OH 44122 (For Plaintiff-Appellant).

*Michael T. Judy*, Michael T. Judy Co., L.P.A., 8228 Mayfield Road, Suite 6-B, Chesterland, OH 44026 (Defendant-Appellee).

*Jonathan H. Krol* and *Mario C. Ciano*, Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115-1093 (For Robert E. Zulandt, Jr., Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This is a consolidated appeal from the Geauga County Court of Common Pleas. Appellant Sylvia DeFranco filed suit against appellees Michael T. Judy and Robert E. Zulandt, Jr. alleging that appellees each committed legal malpractice and fraud in the course of representing DeFranco. Appellees both moved for summary judgment of the entire action which the trial court granted. DeFranco moved for relief

from judgment, which the trial court denied. DeFranco timely appeals both the denial of summary judgment and the denial of relief from judgment. For the reasons set forth below, we affirm the judgments of the Geauga County Court of Common Pleas.

{¶2} This case concerns a previous dispute between DeFranco and the Geauga County Health Department and Township Zoning Department ("the Departments") over whether a septic system on DeFranco's property was violating zoning and health regulations. According to DeFranco, a central issue in her dispute with the Departments was whether either department had conducted a test of the septic system. To help her in her dispute with the Departments, DeFranco alleges to have entered into an attorney-client relationship with Zulandt in 1997. During this representation, DeFranco claims that Zulandt never confirmed whether a test of the septic system had been conducted, which then led to Zulandt giving erroneous legal advice to DeFranco. By May 8, 1997, DeFranco's alleged attorney-client relationship had ended. Zulandt, on the other hand, claims he has never had an attorney-client relationship with DeFranco encompassing her septic system issues with the Departments.

{¶3} In 2004, DeFranco's septic system dispute with the Departments was still ongoing, and so she retained the legal services of Judy in helping her solve the matter. According to DeFranco Judy, like Zulandt, failed to confirm whether either one of the Departments had conducted a test of the septic system. This failure allegedly lead to Judy giving DeFranco erroneous legal advice. Judy denies committing any malpractice. Instead Judy claims that he had negotiated with the state a favorable agreement for DeFranco; however, after DeFranco refused to accept the agreement,

2

DeFranco and Judy's relationship deteriorated to the point that Judy moved to withdraw from representing DeFranco. The trial court granted the motion on March 18, 2004.

{¶4} Judy then filed a small claims suit against DeFranco to collect unpaid fees for his services in the septic case. Though the municipal court ultimately ruled in favor of Judy, during this litigation DeFranco filed certain objections to the magistrate's findings and recommendation. Within this document, dated July 21, 2004, DeFranco alleges that:

{¶5} "Plaintiff Judy stated at hearing on June 29, 2004, that a test of the septic system had been done by the Geauga County Health Department. I [DeFranco] recently contacted Mr. Judy requesting a copy of said test, which he testified had occurred. On July 20, 2004, I received a reply from the Plaintiff who stated 'there isn't any.' * * * Upon all parties signing the Judgment Entry on February 20, 2004, it was made clear that the parties must abide by the agreement. This agreement provided for a test of the sewage system by the health department, which was in Defendant DeFranco's favor because the health department had never conducted a test. On February 26, 2004 I received a letter from the Plaintiff Judy asking that a revised entry be signed, deleting Paragraph 5, which provided for the sewage disposal test. I refused to sign the revised entry."

{¶6} On June 10, 2011, DeFranco received a letter from Robert K. Weisdack, the Geauga County Health District Commissioner, informing DeFranco that a test of her septic system had not occurred. Consequently, DeFranco filed a suit against appellees for fraud and malpractice.[1] Judy filed a motion to dismiss for failure to state

---

1. DeFranco fails to plead with any specificity what the fraud entails; it appears, however, to be the conduct underlying the malpractice claim.

3

a claim pursuant to Civ.R. 12(B)(6). Because exhibits outside the complaint were introduced in the motion to dismiss, the trial court converted it to a motion for summary judgment. Later Zulandt filed a motion for summary judgment. The trial court granted both motions. DeFranco then filed a Civ.R. 60(B) motion for relief from judgment against the trial court's grant of summary judgment in favor of Judy. The trial court denied the motion for relief from judgment.

{¶7}  As her sole assignment of error, DeFranco alleges that:

{¶8}  "The trial court erred in granting Defendant-Appellee Zulandt's Motion for Summary Judgment and in denying Plaintiff-Appellant DeFranco's Motion for Relief from Judgment filed on September 27, 2012, and sustaining grant of Summary Judgment to Defendant-Appellee Judy based on the trial court's opinion that R.C. 2305.11(A) did not apply to the statute of limitations governing Appellant-Plaintiff DeFranco's Complaint."

{¶9}  Within this assignment of error, DeFranco alleges that the trial court erred in granting appellees' motions for summary judgment and denying her motion for relief from judgment. We will address the motions for summary judgment in a consolidated manner and then consider the arguments related to the motion for relief from judgment after that.

{¶10}  Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but

4

one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.*, Civ.R. 56(C).

{¶11} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶12} Though this suit involves an action for legal malpractice and fraud, the central issue for the trial court below and on appeal is whether DeFranco's claims are barred by the statute of limitations. For legal malpractice, R.C. 2305.11 provides that the statute of limitations is one year after the cause of action accrued.[2] "'[A]n action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to

---

2. R.C. 2305.11(A) states that "[a]n action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued."

5

pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.'" *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶4 quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus. The statute of limitations for fraud is four years from when the cause of action accrued. R.C. 2305.09(C). This court has held that a cause of action for fraud accrues either: "(1) when the fraud is discovered; or (2) when, in the exercise of reasonable diligence, the fraud should have been discovered." *Marshall v. Silsby*, 11th Dist. Lake No. 2004-L-094, 2005-Ohio-5609, ¶26.

{¶13} DeFranco claims that she did not know of the malpractice or fraud until she received a letter from Robert K. Weisdack dated June 10, 2011, confirming that testing of DeFranco's septic system had not in fact occurred. Though the trial court had determined she learned that the septic system had not been tested in 2004, she attacks this conclusion in three ways. First, she claims that the July 21, 2004 document against DeFranco does not show she admitted she was aware that a septic test had not been conducted, because Judy "may well have been trying to prevent DeFranco from obtaining any testing * * * for her septic system." She also claims that trial court's "bootstrapping" of Zulandt's motion for summary judgment to the July 21, 2004 document was improper because, as we understand it, Zulandt's alleged representation of DeFranco occurred in 1996-97. Finally, DeFranco claims that a correspondence between her and Assistant Prosecuting Attorney Rebecca F. Schlag, dated April 28 2004, indicates that she lacked knowledge of whether a test of the septic system had been conducted at that time.

{¶14} Though appellees make a variety of arguments to counter DeFranco's appeal on summary judgment, we need only consider those arguments relating to DeFranco's admission to knowing that a septic test had not been performed in the July 21, 2004 document. In evaluating the grants of summary judgment, we presume that DeFranco's characterization of her correspondence with Assistant Prosecuting Attorney Schlag is accurate. However, DeFranco's characterization of her correspondence with Schlag is irrelevant to her knowledge of a septic system test on July 21, 2004, because the Schlag correspondence predates the July 21, 2004 document.

{¶15} Within paragraph one of the July 21, 2004 document DeFranco alleges that she had "recently contacted Mr. Judy requesting a copy of said [septic system] test, which he testified had occurred. * * * I [DeFranco] received a reply from the plaintiff who stated "there isn't any." Later on in the paragraph she alleges that: "[u]pon all parties signing the Judgment Entry, on February 20, 2004 it was made clear that the parties must abide by the agreement. This agreement provided for a test of the sewage system by the health department, which was in Defendant DeFranco's favor because the health department had *never conducted a test*." These two sentences together, read in a light most favorable to DeFranco, conclusively demonstrate that she knew or should have known that the health department had never conducted a test of her septic system.

{¶16} DeFranco attempts to counter this conclusion by claiming that the remaining part of paragraph one could indicate that Judy could have been trying to prevent DeFranco from obtaining any testing by the Geauga County Health

7

Department for her septic system. She also claims that the remaining part of paragraph one "leaves unanswered the question as to why DeFranco would have wanted another test of her septic system as shown in the last part of Paragraph * * * if she had actually known of and/or seen the results of a first test." The remaining part of paragraph one reads as follows:

{¶17} "On February 26, 2004 I [DeFranco] received a letter from Plaintiff Judy asking that a revised entry be signed, deleting Paragraph 5, which provided for the sewage disposal test. I refused to sign this revised Entry. The video of the hearing will show Plaintiff Judy telling the Magistrate that he gave the court his word that I would sign the revised entry and when I did not, he withdrew as my attorney. He was hired to protect my interests, not those of the opposing party."

{¶18} DeFranco's counterarguments to appellees' contention are unpersuasive. Even if Judy had been trying to prevent DeFranco from obtaining any testing of her septic system, Judy's reply that "there isn't any" test of the septic system would have still put her on notice that there had not in fact been a test of the septic system. Further, it fails to explain why DeFranco would admit that a test of the septic system had never been conducted if she in fact did not know whether a test had occurred.

{¶19} Because the July 21, 2004 document postdates DeFranco's respective representations with appellees, she was on notice of both of their alleged malpractice and fraud at this time. Therefore the statute of limitations for the malpractice claim would have run in 2005 and in 2008 for the fraud claims.

{¶20} In regard to the motion for relief from judgment, DeFranco has failed to articulate any reasons why she should be entitled to relief. Civ.R. 60(B), which governs motions for relief from judgment, states:

{¶21} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶22} This court has indicated that the rule "attempts to strike a balance between protecting the finality of judgments and the unjust operation of a voidable judgment." *Brewster v. Fox*, 11th Dist. Lake No. 2003-L-010, 2004-Ohio-1145, ¶6. Stated differently, the rule provides an equitable remedy under which relief from a judgment should be allowed when so dictated by the interests of justice. *Mortgage Elec. Registration Sys., Inc. v. Kaehne*, 11th Dist. Portage No. 2007-P-0033, 2008-Ohio-4051, ¶13.

9

**{¶23}** When reviewing denials of Civ.R. 60(B) motions we look at whether the trial court abused its discretion. *Id.* ¶10. "In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate the following: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the provisions in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), it is not more than one year after the judgment was entered. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, * * *, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if one of the above requirements is not satisfied. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, * * *." *LaRosa v. LaRosa*, 11th Dist. Geauga No. 2001-G-2339, 2002-Ohio-1170, 2002 Ohio App. LEXIS 1199, *8-9 (March 15, 2002).

**{¶24}** In the present matter, appellant has not provided the basis for her Civ.R. 60(B) motion. As she attached exhibits and an affidavit to her motion, we presume it is a Civ.R. 60(B)(2) motion. However, there is no explanation how any of this evidence is new or could not have been discovered sooner with due diligence. Aside from the 2011 letter which, according to DeFranco, gave her notice of the alleged malpractice and fraud, all exhibits and events described in her accompanying affidavit occurred in 2004 if not earlier. Because there is no indication that any of the evidence she described had been unavailable to her, we must conclude all evidence in her Civ.R. 60(B) motion was available at the time the trial court ruled in favor of appellees' motions for summary judgment.

**{¶25}** The sole assignment of error is found to be without merit.

10

{¶26} Accordingly, the judgments of the Geauga County Court of Common Pleas are affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.