**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walton v. Williams,* Slip Opinion No. 2016-Ohio-1054.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1054

THE STATE EX REL. WALTON *v.* WILLIAMS, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walton v. Williams,* Slip Opinion No. 2016-Ohio-1054.]**

*Prohibition—Juvenile court—Paternity action—Juvenile court patently and unambiguously lacks jurisdiction to act in case filed under same case number as paternity case that was voluntarily dismissed—Writ granted.*

(No. 2015-2028—Submitted March 8, 2016—Decided March 16, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, Steven D. Walton, seeks a writ of prohibition precluding respondents, Hamilton County Juvenile Court Judge John M. Williams and Magistrate Nicole Sanders, from exercising jurisdiction over a case challenging Walton's acknowledgement of paternity of his biological son, whose adoption he is contesting in a separate action in Hamilton County Probate Court.  The

underlying case was brought in juvenile court by Adoption Connection, the adoption agency with legal custody of the child, and was assigned the case number for a paternity case that Walton had filed but voluntarily dismissed.

{¶ 2} Walton asserts that the ultimate issue in his prohibition action is whether a juvenile court patently and unambiguously lacks jurisdiction to consider the validity of an acknowledgement-of-paternity affidavit, except in a rescission action under R.C. 3111.28. However, we hold that the court below lacks jurisdiction because Walton's paternity case had been voluntarily dismissed. We therefore grant the writ on that basis.

**Facts**

{¶ 3} Walton asserts that he is the father of B.V., a minor child born out of wedlock on March 9, 2015. Walton was the plaintiff in a paternity case in Hamilton County Juvenile Court in which he sought to establish his father-child relationship and parental rights and responsibilities. He later dismissed this case.

{¶ 4} Walton alleges that before B.V. was born, he registered with the Ohio Putative Father Registry regarding B.V. B.V.'s natural mother is Charlotte V., now married to Walton. Charlotte permanently surrendered B.V. to Adoption Connection, a private adoption agency, naming a "Mr. White" as B.V.'s father. In April 2015, a genetic test showed that White was not the father. Walton asserts that in April 2015 he obtained genetic testing showing a 99.99 percent probability that he, Walton, is B.V.'s father.

{¶ 5} Adoption Connection placed B.V. with a preadoptive couple who, in April 2015, petitioned in probate court to adopt him, alleging that Walton's consent was unnecessary. Walton filed a complaint to establish a parent-child relationship under R.C. 3111.02 in Butler County Juvenile Court, which transferred the case to Hamilton County Juvenile Court. Walton alleges that in May 2015, he and Charlotte married, and Charlotte changed her surname to Walton.

2

**{¶ 6}** The adoption petitioners attempted to serve Walton with notice of the petition, but Walton states that it was sent to the wrong address, and, as a result, he did not learn of the adoption case until June 2015. He further states that he objected that same month and that at his request, the probate court stayed the adoption pending resolution of paternity in Walton's case in juvenile court.

**{¶ 7}** In September 2015, Walton and Charlotte submitted an acknowledgment-of-paternity affidavit to the Central Paternity Registry ("CPR") in the Ohio Department of Jobs and Family Services Office of Child Support. In November 2015, Walton asserts, the CPR issued a certified copy of the acknowledgment as confirmation that the information had been entered in the birth registry, that no rescission had been filed, and that the acknowledgment was final.

**{¶ 8}** Also in November 2015, Walton voluntarily dismissed his paternity action in juvenile court and moved the probate court for summary judgment on the adoption, relying on the finality and enforceability of the acknowledgment of paternity. The summary-judgment motion asserted that the acknowledgment of paternity made B.V. unadoptable because the one-year abandonment period under R.C. 3107.07(A) had not run. A hearing on the summary-judgment motion in probate court was set for December 8, 2015.

**{¶ 9}** According to Walton, on December 4, the adoption petitioners responded in opposition to the summary-judgment motion, and on December 7, 2015, Adoption Connection filed a complaint in juvenile court under the same case number as Walton's earlier, dismissed paternity action. Adoption Connection's complaint asks the juvenile court to declare the paternity acknowledgement void, to grant it relief from the certification of acknowledgment, and to instruct the CPR to remove the acknowledgment from the public record. The only ground on which the complaint challenges the acknowledgment is that the mother's earlier permanent surrender of the child severed her relationship with the child and precluded her from legally being able to sign the acknowledgment.

{¶ 10} Adoption Connection's complaint alleges that R.C. 2151.23(B)(2) and 3111.06(A) are the bases for the juvenile court's jurisdiction over the question of the validity of the acknowledgment. Walton asserts that at the same time that Adoption Connection's complaint was filed in juvenile court, the adoption petitioners moved the probate court for a stay in the adoption case pending resolution of Adoption Connection's complaint.

{¶ 11} Walton avers that at the hearing on December 8 in probate court, the magistrate declined to rule on Walton's summary-judgment motion before hearing arguments on the stay motion. Walton asserts that he orally opposed the motion for stay, but after hearing arguments, the magistrate ordered the stay, based on the probate court's longstanding policy of deferring to the juvenile court on issues of paternity and parentage.

{¶ 12} Walton filed this original action in prohibition on December 18, 2015, to stop the respondents from exercising jurisdiction in Adoption Connection's case. We granted an alternative writ, 144 Ohio St.3d 1457, 2016-Ohio-172, 44 N.E.3d 287, and denied Adoption Connection's motion to intervene. The case is now briefed and ripe for consideration.

**Analysis**

{¶ 13} To be entitled to the requested writ of prohibition, Walton must establish that (1) the court is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

{¶ 14} However, " '[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior

jurisdictionally unauthorized actions.' " *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 12, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

**{¶ 15}** The juvenile court in this case has exercised and intends to further exercise judicial power, as evidenced by its scheduling of a hearing on the Adoption Connection complaint. Walton has alternate remedies at law, in that he may appeal any adverse order or entry regarding the acknowledgement of paternity. However, if a court patently and unambiguously lacks jurisdiction, the lack of an adequate remedy is immaterial. *State ex rel. Shumaker v. Nichols,* 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, ¶ 9.

**{¶ 16}** The juvenile court in this case patently and unambiguously lacks jurisdiction over Adoption Connection's case because Walton had voluntarily dismissed his original paternity case, and Adoption Connection filed its complaint after the dismissal under the same case number. In general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22, citing *Page v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999).[1]

**{¶ 17}** Under R.C. 3111.16, a juvenile court has continuing jurisdiction over all judgments or orders issued under R.C. 3111.01 to 3111.18, *Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 444, 705 N.E.2d 318 (1999), which includes actions to determine the father-child relationship. *See* R.C. 3111.02. However, in this case there was no order because Walton dismissed his

---

[1] There are exceptions to this general rule. Despite a voluntary dismissal, the trial court may consider certain collateral issues not related to the merits of the action, such as contempt and other sanctions. *Hummel* at ¶ 23.

case before any action had been taken by the court. Therefore, the juvenile court has no order that would allow its continuing jurisdiction over that case.

{¶ 18} When Adoption Connection filed its complaint in juvenile court to challenge the validity of the certification of acknowledgement of paternity, it was filed under the same case number as Walton's earlier, voluntarily dismissed, paternity action. Under the general rule articulated by *Hummel*, the juvenile court patently and unambiguously lacks jurisdiction over the matter, and we must grant the writ.

## Conclusion

{¶ 19} Because the juvenile court patently and unambiguously lacks jurisdiction over Adoption Connection's case, respondents have no authority to act, and we therefore grant a writ of prohibition.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Suhre & Associates, L.L.C., and B. Bradley Berry; and Erik L. Smith, for relator.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer, Assistant Prosecuting Attorney, for respondents.

_____