[Cite as *Pryor v. Heath*, 2017-Ohio-7832.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| NC LAFONSE PRYOR, | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Relator, | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| JUDGE TARYN L. HEATH, ET. AL., | : | | Case No. 2017CA00023 |
| | : | | |
| Respondents, | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Prohibition

JUDGMENT:                                         Dismissed

DATE OF JUDGMENT:                         September 25, 2017

APPEARANCES:

For Relator                                              For Respondent Taryn L. Heath

NC LAFONSE PRYOR, pro se                 MARK CALDWELL
Inmate #A700536                                    Stark County Prosecutor
Mansfield Correctional Institution          110 Central Plaza South, Suite 510

1150 N. Main Street                                Canton, Ohio 44702
Mansfield, Ohio 44905

                                                                For Respondents Judge Curt Werren
                                                                and Judge John A. Poulos

                                                                ANDREA M. SCASSA
                                                                Staff Attorney
                                                                Canton Municipal Court
                                                                218 Cleveland Ave. S.W.

Canton, Ohio 44702

*Baldwin, J.*

{¶1} NC Lafonse Pryor has filed a petition for writ of prohibition against Judge Taryn Heath, Judge Curt Werren, and Judge John A. Poulos.

{¶2} Relator claims Respondents lack jurisdiction because Relator's arrest was made without a warrant, his bond was excessive, he was not given a prompt "judicial determination," and his extradition from Georgia was improper.

FACTS

{¶3} On August 1, 2016, a rape occurred in the City of Canton. Relator was arrested the next day on August 2, 2016 in Georgia on an outstanding warrant for failure to register as a sex offender. He was a suspect in the August 1, 2016 rape at the time of his arrest. On August 3, 2016, charges were filed against Relator for rape, kidnapping, and felonious assault relating to the August 1, 2016 Canton rape.

{¶4} Relator states he waived extradition in Georgia without the presence of counsel. He was returned to Ohio and arraigned on charges of failure to register as a sex offender, rape, kidnapping, and felonious assault. His bond was set in the municipal court at 20 million dollars. Relator was directly indicted by the grand jury prior to the preliminary hearing being held. The bond was later reduced to two million dollars by the common pleas court. According to the trial court's docket, Relator has now pled guilty to rape, kidnapping and felonious assault and has been sentenced.

PROHIBITION

**{¶5}** To be entitled to the requested writ of prohibition, petitioner must establish that (1) the court is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012–Ohio–54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections,* 130 Ohio St.3d 24, 2011–Ohio–4623, 955 N.E.2d 379, ¶ 12." *State ex rel. Walton v. Williams,* 145 Ohio St.3d 469, 471, 2016–Ohio–1054, 50 N.E.3d 520, 523, ¶ 13 (2016).

**{¶6}** A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125.

EXCESSIVE BOND

**{¶7}** Although the petition is disjointed and difficult to understand, Relator claims the bond set by Respondents was excessive.

**{¶8}** "[A] complaint for a writ of habeas corpus is the proper vehicle for challenging excessive bail. A writ of prohibition may not be employed to challenge excessive bail. *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053; *In re Green* (1995), 101 Oho App.3d 726; *State ex rel. McFaul* (Sept. 30, 1997), Cuyahoga App. No. 73124, unreported; *State ex rel. Ghali v. McFaul* (Oct. 15, 1996), Cuyahoga App. No. 71334, unreported. "*Novak v. State*, 8th Dist. Cuyahoga No. 78263, 2000 WL 1006552, *1.

**{¶9}** Because prohibition is not the proper vehicle to challenge an improper bond, the writ of prohibition does not lie with respect to the bond claim.

TRIAL COURT'S JURISDICTION

**{¶10}** Relator generally argues that both the municipal and common pleas courts lack jurisdiction over his case due to an unlawful arrest, a lack of "judicial determination," and faulty extradition.

**{¶11}** "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18."*State ex rel. State v. Lewis*, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 19 (2003).

**{¶12}** Relator concedes he was charged with several felony offenses. The courts of common pleas have "original jurisdiction of all crimes and offenses, except * * * minor offenses[.]" R.C. 2931.03. Further, the municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the municipal court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant. R.C. 1901.20

**{¶13}** Respondents all properly had general subject matter jurisdiction over Relator's case. When subject matter jurisdiction is not patently and unambiguously lacking, a trial court can determine its own jurisdiction. If the trial court makes an erroneous determination regarding jurisdiction, a litigant can challenge the determination by way of direct appeal. The direct appeal provides an adequate remedy at law the existence of which precludes the issuance of a writ of prohibition.

{¶14} Because Relator has or had an adequate remedy at law, the writ of prohibition will not issue.  The instant cause is dismissed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.