[Cite as *In re A.B.*, 2022-Ohio-4805.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: A.B. | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2022CA0012 |
|  | : |  |
|  | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County Court of
                              Common Pleas, Juvenile Division, Case
                              No. 2022AN00108

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 29, 2022

APPEARANCES:

For Morrow County JFS                For Parents of A.B.

DREAMA K. REESE                      GERALD M. ROZARIO
619 W. Marion Road                   35 North Sandusky Street
Mount Gilead, OH 43338               Delaware, OH 43015


JEFFREY ZEISLER
Guardian Ad Litem
659 Harding Way West
Galion, OH 44833

*Gwin, P.J.*

{¶1} Appellant appeals the August 25, 2022 judgment entry of the Morrow County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2} On August 5, 2022, appellant Morrow County Department of Job and Family Services filed a complaint of abuse, neglect, and dependency with regards to child A.B., who was born on November 23, 2021. The complaint was filed after a report was made by Nationwide Children's Hospital alleging the child suffered a non-accidental injury while in the parents' care.

{¶3} The trial court held a shelter care hearing the same day. The court issued a judgment entry granting temporary custody to appellant, appointing a guardian ad litem, setting an adjudicatory hearing for August 25, 2022, and appointing counsel for both parents.

{¶4} Appellant filed a "notice of voluntary dismissal [of complaint] pursuant to Civil Rule 41(A)(1)(a)" on August 18, 2022. In the memorandum of support attached to the notice of voluntary dismissal, it states that, after a follow-up visit at Nationwide Children's, the doctor reported that there are no additional fractures, and the child's fall from the counter "could be a plausible explanation" for the child's skull fracture.

{¶5} The trial court held the adjudicatory hearing on August 25, 2022. According to the trial court's judgment entry, counsel for appellant, the child's caseworker, A.B.'s parents, and counsel for the parents appeared at the hearing. However, appellant did not provide this Court with a transcript of the hearing.

{¶6} The trial court issued a judgment entry on August 25, 2022. In the judgment entry, the trial court noted that while appellant filed a notice of dismissal pursuant to Civil Rule 41(A)(1)(a), the memorandum submitted with the notice suggested there might be another plausible explanation for the reported injuries. The trial court also noted the injuries appellant alleged in its complaint (fracture to skull, fracture to leg, and fracture to toe) are very serious for an eight-month-old child.

{¶7} The judgment entry states the child's caseworker testified it would be in the best interest of the child for the court to transfer custody back to the parents. The trial court stated in the judgment entry, "from information [the caseworker] received second hand, two of the fractures may have been birth abnormalities, and the skull fracture might, without any degree to medical certainty, and without clinical medical evidence provided today, might have some other explanation." The trial court also stated the GAL was not at the hearing, but the court felt the GAL's input was crucial because of the alleged injuries to the baby, and because the court wanted to know if the GAL recommended continuing jurisdiction by the juvenile court.

{¶8} The trial court made the following orders in its judgment entry: it is in the child's best interest for immediate temporary custody to be granted to the parents, with limited court-ordered protective supervision by appellant; and the GAL shall prepare a written report within ten (10) days with recommendations.

{¶9} Appellant appeals the August 25, 2022 judgment entry of the Morrow County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED UPON ISSUING A JUDGMENT ENTRY ON AUGUST 25, 2022 SUBSEQUENT TO A NOTICE OF VOLUNTARY DISMISSAL OF

THE PENDING ABUSE, NEGLECT, AND/OR DEPENDENCY COMPLAINT AND/OR ACTION PURSUANT TO CIVIL RULE 41(A)(1)(a), FILED BY MORROW COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES ON AUGUST 18, 2022, PRIOR TO THE COMMENCEMENT OF TRIAL, DIVESTING THE JUVENILE COURT OF JURISDICTION OVER A.B., THE MINOR CHILD HEREIN, AND RENDERING JUDGMENT ENTRY ON ADJUDICATORY HEARING ISSUED AUGUST 25, 2022, VOID FOR WANT OF SUBJECT MATTER JURISDICTION."

I.

**{¶11}** Appellant contends the trial court had no jurisdiction to issue the August 25, 2022 judgment entry because appellant voluntarily dismissed the complaint prior to the adjudicatory hearing and prior to the issuance of the judgment entry. Further, appellant argues the judgment entry is void because a dismissal without prejudice pursuant to Civil Rule 41(A)(1)(a) leaves the parties as if no action had been brought at all. Appellant contends the August 25th judgment entry should be vacated.

**{¶12}** Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular type of case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. Subject matter jurisdiction is a condition precedent to the court's power to adjudicate and render judgment in a case and "in the absence of subject-matter jurisdiction in a case a court lacks the authority to do anything but to announce its lack of jurisdiction and dismiss." *Id.*

**{¶13}** "Ohio's juvenile courts are statutory courts, created by the General Assembly." *In re Z.R.,* 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, citing R.C. Chapter 2151. The juvenile court has limited jurisdiction because it is a statutory court

and therefore, it can exercise only the authority conferred upon it by the General Assembly. *Id.*, citing *State ex rel. Ramey v. Davis*, 119 Ohio St. 596, 165 N.E. 298 (1929). Pursuant to R.C. 2151.23(A)(1), the juvenile court has exclusive jurisdiction concerning any child who is alleged to be abused, neglected, or dependent. *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239. Therefore, this matter, which was initiated by a complaint alleging abuse, dependency, and neglect, is within the subject matter jurisdiction of the juvenile court. *In re K.K.*, --N.E.3d ----, 2022-Ohio-3888.

{¶14} Appellant alleges the juvenile court lost subject matter jurisdiction when appellant voluntarily dismissed its complaint pursuant to Civil Rule 41(A)(1)(a). In general, when a case has been voluntarily dismissed under Civil Rule 41(A)(1), the trial court lacks jurisdiction to proceed. *State ex rel. Walton v. Williams*, 145 Ohio St.3d 469, 2016-Ohio-1054, 50 N.E.3d 520.

{¶15} However, this Court has specifically held that "Civil Rule 41(A)(1) is not applicable to a custody proceeding in juvenile court." *In the Matter of Pritt*, 5th Dist. Stark No. 1995CA00147, 1996 WL 132250 (March 4, 1996). The Ninth District also addressed this issue, and held that Civil Rule 41(A)(1) does not apply to an abuse, neglect, or dependency case. *In the Matter of Jones*, 9th Dist. Lorain No. 96CA006393, 1996 WL 724757 (Dec. 4, 1996) (holding Civil Rule 41(A) is not applicable to an abuse, neglect, or dependency complaint in juvenile court and stating a custody proceeding is not a civil dispute, but a status case concerning a child, and the rule must provide the courts with the flexibility to determine what is in the best interest of each child); see also *State ex rel. Heineman v. Stucki*, 11th Dist. Geauga No. 2018-G-0178, 2019-Ohio-2665 (after

voluntary dismissal of dependency complaint, trial court had jurisdiction to determine collateral issues, such as what is in the best interest of the child).

**{¶16}** In the *Pritt* opinion, we reasoned that Civil Rule 41(A)(1) "clearly contemplates a civil action filed by a plaintiff against a named defendant. A permanent custody proceeding is not styled in this manner." 5th Dist. Stark No. 1995CA00147, 1996 WL 132250 (March 4, 1996).

**{¶17}** Additionally, we reasoned that Civil Rule 41(A)(1) is "clearly inapplicable" to a dependency, neglect, or abuse case in juvenile court because another procedure is specifically provided by the Juvenile Rules.

**{¶18}** Civil Rule 1(C) provides the Rules of Civil Procedure shall not apply to special statutory proceedings to the extent they would, by their nature, be clearly inapplicable. Proceedings in the juvenile court are special statutory proceedings. Therefore, the Rules of Civil Procedure apply, except to the extent they would be clearly inapplicable. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 1994-Ohio-302, 626 N.E.2d 950; *In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, 868 N.E.2d 261.

**{¶19}** Proceedings for children alleged to be abused, neglected, or dependent in the juvenile courts are governed by the Rules of Juvenile Procedure. Ohio's Juvenile Rules were fashioned to ensure a uniform procedure for Ohio's juvenile courts. *Linger v. Weiss*, 57 Ohio St.2d 97, 386 N.E.2d 1354 (1979). "It is well understood that the substantive and procedural rules that are applicable in the unique context of juvenile court proceedings are quite different from those applicable during criminal or civil proceedings in courts of general jurisdiction." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177.

**{¶20}** The Ohio Juvenile Rules do not provide for the voluntary dismissal of an abuse, neglect, or dependency complaint.  Rather, Juvenile Rule 22 provides that proceedings in a juvenile court may be dismissed with the approval of the court ("a party may move to dismiss the complaint").

**{¶21}** Since the juvenile rules specifically require approval from the court prior to a dismissal, this procedure supersedes the voluntary dismissal provision of Civil Rule 41(A)(1)(a).  See *State ex rel. Fowler v.* Smith, 68 Ohio St.3d 357, 1994-Ohio-302, 626 N.E.2d 950.  Accordingly, the juvenile court retained jurisdiction over this proceeding to issue the August 25, 2022 judgment entry.

**{¶22}** Based on the foregoing, appellant's assignment of error is overruled.

**{¶23}** The August 25, 2022 judgment entry of the Morrow County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur